## In re BUTLER CANDY CO., Inc.

(District Court, W. D. Pennsylvania. January 22, 1925.)

### No. 11348.

Bankruptcy ⚖═268—Sale of assets held not to include life insurance policies.

The sale of a bankrupt's assets at private sale, ordered on petition of the trustee, describing the property, and on which the offer was based, *held* not to include life insurance policies, which were not scheduled, mentioned in the petition, nor known to the trustee or creditors, and which, if known, were not such property as would have been sold.

In Bankruptcy. In the matter of the Butler Candy Company, Inc., bankrupt. On review of order of referee. Reversed, and referred back.

See, also, 8 F.(2d) 313.

T. W. Hutchison, of Butler, Pa., for trustee.

Marshall & Watson and Hunter E. Coulter, all of Butler, Pa., for bankrupt.

SCHOONMAKER, District Judge. This case now comes before the court on certificate to review the action of the referee in bankruptcy in his order of November 12, 1924, directing the trustee in bankruptcy to execute and deliver to L. J. Nadler separate assignments of two policies of insurance carried in the Northwestern Mutual Life Insurance Company of Milwaukee, Wis., one on the life of Arthur Smulovitz, and the other on the life of Benjamin H. Smulovitz. These insurance policies were assets of the bankrupt estate herein, and the referee finds were sold as a part of the assets to the said L. J. Nadler.

The objecting creditors contend that these insurance policies were not sold to Nadler, and that the referee committed error in directing the trustee to make assignments thereof. The insurance policies in question are not scheduled in the bankruptcy schedules filed by the bankrupt in this case; they were not inventoried and appraised by the appraisers appointed to appraise the assets

of the estate. The policies in question being in the bank in a safety deposit vault, their existence was not disclosed to creditors at the time of sale of the bankrupt's assets.

The sale of the bankrupt's assets took place under a petition for private sale which recited, among other things: "That your petitioner has received an offer for the merchandise, fixtures, equity in automobile equipment, accounts receivable, fixtures, and machinery Evergood Candy Company, raw materials on hand Evergood Candy Company, manufactured stock Evergood Candy Company, of $30,000, less the actual amount of money received by the receiver while operating the business"—and praying that an order be made authorizing the receiver to sell the said assets at private sale to Daley Bros. & Co. and Lloyd Company at their bid as above set forth in the petition, in the event that no higher bid be received for said assets on or before the 8th of April, 1924, and, in the event of a higher bid being so received, that your petitioner be authorized to sell such assets at private sale to such higher bidder at whatever higher bid might be obtained.

A meeting of creditors was called to be held on the 8th day of April, 1924, to consider this petition. The property was then offered for higher bids, at which time L. J. Nadler bid $40,500, less $11,946.42, which had been received by the receiver from the assets of the estate up to that time. Whereupon the referee made an order directing the sale in the following language: "It is hereby ordered that the assets described in said petition be sold forthwith by the receiver to L. J. Nadler aforesaid." No mention was made at this meeting at the trustee's office that there was any life insurance policy or policies among the assets of the bankrupt estate; no disclosure that any such policies existed had been made by the bankrupt, or at the meeting of creditors.

The referee finds that it was intended at this sale to convey all the assets of the bankrupt except the real estate. Therefore he concludes that the insurance policies must go with this sale and reforms the sale order, so as to direct the assignment of the insurance policies to the purchaser at the receiver's sale. We cannot agree with this finding of the referee. At the time the creditors met to discuss this proposition, it was not disclosed to them, and they did not know that there were any insurance policies; and, even if the existence of the insurance policies had been disclosed, there would have

been no reason whatever for their sale as a part of the assets, for these policies have a well-understood cash value, equivalent to so much money in the bankrupt's estate.

We believe that, if the policies had been disclosed to the referee at that time, he would not have been justified in directing a sale of them as a part of the bankrupt estate. He must rather have directed that the trustee collect the cash surrender value thereof. We do not find anything in the evidence of what transpired before the referee at the time of sale which would justify the amendment of the order of sale, so as to include these policies. The parties attending the sale were not bidding on these insurance policies as a part of the assets. The petition asking for the sale did not ask leave to sell them. The order of the referee directing the sale did not order the trustee to make any conveyance of insurance policies. Under these facts, we think the referee erred in his order of November 12, 1924, directing the assignment of these insurance policies to L. J. Nadler.

His order in that respect is hereby reversed, and the petition of the trustee to assign these policies to L. J. Nadler is denied. An order may be entered accordingly.